UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON IMBER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRUCE LACKEY; PAM LACKEY; LACKEY FAMILY TRUST; COLE SCHARTON; THE ADMINISTRATIVE COMMITTEE OF THE PEOPLE BUSINESS EMPLOYEE STOCK OWNERSHIP PLAN; MIGUEL PAREDES; RICH ROUSH; DEL THACKER; RICHARD DEYOUNG; RITCHIE TRUCKING SERVICE HOLDINGS, INC.; PEOPLE BUSINESS EMPLOYEE STOCK OWNERSHIP PLAN;<br><br>　　　　　Defendants. | Case No.  1:22-cv-00004-DAD-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO FILE SURREPLY<br><br>(Doc. No.  64) |

　　　　Pending before the Court is Plaintiff Brandon Imber's motion for leave to file a surreply filed on May 16, 2022.  (Doc. No. 64).  Imber seeks leave to file a surreply to address new arguments Roush, Thacker, and DeYoung raised for the first time in their reply concerning who served as members of the board of directors of Ritchie Trucking Service Holdings, Inc. and to address the arguments that Plaintiff had "actual knowledge 'who were the directors before and during the 2018 Transaction and who joined the Board for the first time in August of 2019,'" along with opposition to Rule 11 argument raised by these defendants.  (*Id.* at 3-4).  Imber

confirms the surreply will be no more than 4 pages. (*Id.* at 4). The Court grants the motion.

Parties do not have the right to file a surreply and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*)(E.D. Cal. 2022). Courts generally views motions for leave to file a surreply with disfavor. *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, whether to permit or preclude a surreply lies with the court's discretion. *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009)(district court did not abuse discretion in refusing to permit "inequitable surreply"); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008)(district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)(new evidence in reply may not be considered without giving the non-movant an opportunity to respond). Based upon Imber's representation that the surreply will address only the new arguments raised in the reply and be limited to four pages, the Court will exercise its discretion and permit Imber to file a surreply.

Accordingly, it is **ORDERED**:

Plaintiff's motion for leave to file a surreply (Doc. No. 64) is GRANTED. Plaintiff shall file the surreply limited to four pages within fourteen (14) days of the date on this order.

Dated: August 23, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE