UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON IMBER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRUCE LACKEY, PAM LACKEY, LACKEY FAMILY TRUST, COLE SCHARTON, THE ADMINISTRATIVE COMMITTEE OF THE PEOPLE BUSINESS EMPLOYEE STOCK OWNERSHIP PLAN; MIGUEL PAREDES, RICK ROUSH, DEL THACKER, RICHARD DEYOUNG, AND RITCHIE TRUCKING SERVICE HOLDINGS, INC.,<br><br>Defendants. | Case No. 1:22-cv-00004-ADA-HBK<br><br>LIMITED DISCOVERY ORDER |

On September 15, 2022, the Court telephonically conducted a mandatory scheduling conference. The following counsel appeared on behalf of the respective parties: Robert Joseph Barton and Vincent Cheng on behalf of Plaintiff; William C. Hahesy and Hak Stepanyan on behalf of Defendants Lackey Family Trust, Bruce Lackey and Pam Lackey; Ronald K. Alberts on behalf of Defendants Cole Scharton, the Administrative Committee of the People Business Employee Stock Ownership Plan, Rick Roush, Richard DeYoung, and Ritchie Trucking Service Holdings, Inc.; and Richard Pearl on behalf of Miguel Paredes. Following a review of the parties'

1 Joint Scheduling Report (Doc. No. 72) and having heard argument from counsel, and pursuant to
2 Rule 16, the Court issues this Limited Discovery Order tailored to meet the particular
3 circumstances of this case and assist the parties in reaching their stated goal to attend mediation.
4 Consistent with the just, speedy, and inexpensive administration of justice, it is hereby
5 **ORDERED** that **all discovery except that set forth below will be STAYED** pending
6 compliance with the following deadlines:

7     1.     No later than **September 23, 2022**, the Defendants shall propose names of no
8 more than three mediators to Plaintiff.

9     2.     No later than **September 30, 2022**, the Parties shall have agreed on a certified
10 mediator and set a date and location for mediation;

11     3.     No later than **October 17, 2022**, the Parties shall have complied with the initial
12 disclosures requirements of Fed. R. Civ. P. 26(a)(1)(A)(i), (ii), (iv).  With respect to
13 26(a)(1)(A)(ii), identifying the document is sufficient unless encompassed within (1)-(5) below.

14     4.     No later than **October 17, 2022**, Defendants shall serve Plaintiff with the
15 following agreed discovery:   (1) the 2018 Transaction documents (i.e. the closing documents and
16 agreements for the Transaction, and opinions issued in connection with the transaction); (2)
17 reports/opinions valuing Ritchie Holding stock during the Transaction and after; (3) resolutions
18 and minutes of nay meeting by the Board or other fiduciary positions that address the ESOP or an
19 ESOP transaction; (4) the written instrument of the ESOP in effect at the time of the Transaction
20 or after, and (5)  insurance agreement by which anyone may be liable to satisfy all or part of the
21 possible judgment against or to indemnify any of the Defendants.

22     5.     No later than **October 17, 2022,** Defendants, collectively, may propound three,
23 tailored interrogatories upon Plaintiff.

24     6.     No later than **October 17, 2022,** Plaintiff may propound three tailored
25 interrogatives upon each group of Defendants identified below (for a total of 9 interrogatories):

26     (a) **Lackey individually and the Lackey Family Trust or Selling
27 Shareholders:** (1) Bruce Lackey; (2) Pam Lackey; (3) Lackey Family Trust;

28     (b) **Committee Defendants:**   People Business Employee Stock

Ownership Plan, Bruce Lackey, Pamela Lackey, Miguel Paredes, Cole Scharton.

(c) **Board of Director Defendants:** Rich Roush, Del Thacker, Richard De Young.

7. No later than **November 4, 2022**, the Counsel shall file a Joint Status Report identifying the mediator and indicate whether the mediator is certified; the date of mediation; and the location of mediation. Other than the mediator, no Party may cancel or reschedule the mediation conference without the Court's permission. Motions to extend the mediation deadline are strongly disfavored and will be granted only in extraordinary circumstances.

8. Lead counsel, the named parties, or a party's surrogate satisfactory to the mediator, and any necessary insurance carrier representative must attend the mediation, unless the mediator decides otherwise.

9. Within **seven (7) days** of the mediation's conclusion, Plaintiff must report the result of the mediation and confirm attendance of all required persons at mediation.

10. The substance of the mediation is confidential and no party, lawyer, or other participant may record, or without approval of the Court may disclose any event, including any statement confirming or denying a fact—except settlement—that occurs during the mediation.

11. If the Parties settle, a notice of settlement shall promptly be filed with the Court. *See* Local Rule 160(a). Dispositional documents are due **no more than twenty-one (21) days** from the filing of the notification, absent good cause. *See* Local Rule 160(b).

12. If the case does not settle, then the Parties **within fourteen (14) days** of mediation's conclusion shall file an Amended Joint Scheduling Report. After reviewing the Amended Joint Scheduling Report, the Court will set this matter for a fast-track scheduling conference.

Dated: September 19, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3