R. Joseph Barton (SBN 212340)
The Barton Firm LLP
1633 Connecticut Ave., NW, Suite 200
Washington, DC 20009
Tel: 202-734-7046
Email: jbarton@thebartonfirm.com

*Attorney for Plaintiff Brandon Imber*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON IMBER, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>BRUCE LACKEY, PAM LACKEY, LACKEY FAMILY TRUST, COLE SCHARTON, THE ADMINISTRATIVE COMMITTEE OF THE PEOPLE BUSINESS EMPLOYEE STOCK OWNERSHIP PLAN, MIGUEL PAREDES, RICK ROUSH, DEL THACKER, RICHARD DEYOUNG and RITCHIE TRUCKING SERVICE HOLDINGS, INC.,<br>Defendants,<br>and<br>PEOPLE BUSINESS EMPLOYEE STOCK OWNERSHIP PLAN,<br>Nominal Defendant. | Case No. 1:22-cv-004-HBK<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Complaint Filed: December 30, 2021 |

# INTRODUCTION

Plaintiff respectively submits this reply to the Response to Plaintiff's Motion for Preliminary Approval by certain Defendants.[1] These Defendants do not oppose preliminary approval but object to following sentence in Plaintiff's proposed Class Notice.[2]

> As the debt from the 2018 ESOP Transaction decreases the value of Ritchie Trucking Service Holdings, Inc. ("Ritchie") stock, the reduction in that debt []³ will result in a release of 115,000 shares from the ESOP's Suspense Account and should increase the value of Ritchie stock held by the ESOP.

Def. Resp. on Preliminary Approval (ECF No. 159) ¶ 3. For an explained reason, Defendants want to change this sentence to suggest that the three propositions contained therein are somehow in dispute. *Id.* But these statements are based on the valuation report by the valuation firm hired by the ESOP Trustee (Defendant Paredes) to perform the annual valuation of the shares of Ritchie stock held by the

---

[1] Notably the one Defendant who did not joint this response is Defendant Paredes, the ESOP Trustee, who also hired the valuation firm whose valuation report confirms that the contested statements are accurate. *See* Ex. A (Valuation Report December 31, 2023 by Acclaro of Ritchie Trucking Service) at 1.

[2] Plaintiffs' counsel previously rejected this proposal from these Defendants. "Typically, the plaintiff prepares the notice for the Court's review and approval, giving the defendant the opportunity to object or suggest changes." *Patton v. Dollar Tree Stores, Inc.*, No. CV-15-03813-MWF (PJWx), 2017 WL 8233883, at *2 (C.D. Cal. Apr. 5, 2017). That procedure occurred here. *See* Settlement Agreement (ECF No. 158-3) ("Agmt.") § III. Of course, "the Court is ultimately responsible for directing notice to the class members and protecting their due process rights." *Patton*, 2017 WL 8233883, at *2.

[3] There was one additional extraneous word in this sentence in the notice as originally proposed and which has been removed here for purpose of clarity.

REPLY ISO PRELIMINARY APPROVAL                                                            2
Case No. 1:22-cv-00004-HBK

ESOP and the settlement agreement, cannot be reasonably disputed and should not be presented to Class Members as a disputed proposition.

## ARGUMENT

"Rule 23(c)(2)(B) and (e)(1)(B) require the [c]ourt to ensure that notice" of a class action settlement "provides the information necessary to make an informed decision regarding participation in the action." *Kutzman v. Derrel's Mini Storage, Inc,* No. 1:18-cv-00755-AWI-JLT, 2020 WL 5909151, at *6 (E.D. Cal. Oct. 6, 2020) (citing *AT & T Mobility LLC v. Concepcion,* 563 U.S. 333, 349 (2011)); *see In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977) (explaining that a class notice must contain sufficient information "reasonably necessary" for a class member to make an informed decision). "Rule 23(e)(1)(B) requires that the [class] notice describe the settlement's terms in enough detail to enable potential objectors to investigate the settlement and raise concerns." 7B Wright & Miller, *Fed. Prac. & Proc. Civ*. § 1797.6; *see Andrews v. Plains All Am. Pipeline, L.P.*, No. CV 15-4113 PSG (JEMx), 2017 WL 10059268, at *1 (C.D. Cal. July 10, 2017) (explaining the same). The Manual for Complex Litigation identifies a number of items that should be included in a class notice, including an explanation of "the basis for valuation of nonmonetary benefits if the settlement includes them." Ann. Manual Complex Lit. § 21.312 ("Settlement Notice"). "The Court is ultimately responsible for directing notice to the class members and protecting their due process rights." *Patton*, 2017 WL 8233883, at *1–2; *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d at 1106 ("The court still must decide whether including information [in the class notice] fulfills the informative function" required by Rule 23). The Class Notice as proposed by Plaintiff satisfies these requirements.

The problem with Defendants' formulation is that they want to convert what should be three uncontroversial statements into contentions by "Class Counsel"

REPLY ISO PRELIMINARY APPROVAL    3
Case No. 1:22-cv-00004-HBK

and portray them, without any explanation about the basis for Defendants' position for disputing these statements, as disputed issues. Those three statements are as follows: (1) the debt from the 2018 ESOP Transaction decreases the value of Ritchie Trucking Service Holdings, Inc. ("Ritchie") stock, (2) the reduction in that debt will result in a release of 115,000 shares from the ESOP's Suspense Account and (3) the reduction of the debt should increase the value of Ritchie stock held by the ESOP. These statements accurately reflect (1) the statement by the ESOP Trustee's own valuation firm, (2) the explicit provision in the Settlement Agreement and (3) the effect of reducing Ritchie's debt by $1.4 million as evidenced by the ESOP Trustee's own valuation firm's valuation report.

The first statement – that the ESOP Transaction debt reduces the value of Ritchie – is not an argument by Plaintiff or Class Counsel, but the position of the valuation firm that valued the Ritchie stock held by the ESOP: "█████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ██████████." Ex. A (Valuation Report December 31, 2023 by Acclaro of Ritchie Trucking Service) at 44.[4] The valuation firm further explains that Ritchie's "████████████████████████████████████████████████." *Id.* at 55.

The second statement – that the reduction in that debt will result in a release of 115,000 shares from the ESOP's Suspense Account – is also not a position of Plaintiff or Class Counsel, but explicitly what the settlement provides: "As a result

---

[4] There should be little dispute that the value of Ritchie is impacted by the amount of its debt. But if there is any such dispute that is also clarified by the report by the ESOP Trustee's valuation firm: "████████████████████████████████ ██████████████████████████████████████████ ████████████████████." *Id.* at 51. "████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████" *Id.* at 60; *see also id.* at 81 & 82.

REPLY ISO PRELIMINARY APPROVAL                                                                                                  4
Case No. 1:22-cv-00004-HBK

of the Loan Modification" – which is defined as "the principal value of each of the Notes [being] reduced by $1.4 million effective January 1, 2024" – "115,000 shares of Employer Stock held in the Suspense Account of the Plan will be released an allocated to the Plan Stock accounts of Class Members pursuant to and consistent with the Plan of Allocation within the time required by Section V.B.2 of this Agreement." Agmt. § IV.B.2.

Finally, the third statement – that the reduction of $1.4 million in the ESOP debt should increase the value of Ritchie stock held by the ESOP – is evident from the valuation report of the valuation firm hired by the ESOP Trustee, Defendant Paredes, and a natural consequence of reducing Ritchie's debt by $1.4 million. This is evidenced by the conclusion of value in the ESOP Trustee's valuation report as of December 31, 2023 and adjusting by only reducing the debt by $1.4 million as shown below:



|  | Actual Valuation as of 12/31/2023 | Valuation w/ $1.4M Debt Reduction | Difference |
|---|---|---|---|
| Divided by Number of Shares Outstanding | 2,000,000 | 2,000,000 |  |
| Fair Market Value per Share | $1.60 | $2.26 | $0.67 |

*See* Ex. A (Valuation Report December 31, 2023 by Acclaro of Ritchie Trucking Service) at 83. In other words, the $1.4 million debt reduction – which will be applied as of January 1, 2024 – would change the valuation as of December 31, 2023 (assuming no other changes between that one day and January 1, 2024) by

increasing the value by $0.67 per share to $2.26 per share from $1.60 per share. That change will mean that the value of Ritchie, 100% of which is held by the ESOP, will immediately increase by approximately $1.33 million.

In short, this statement in the Class Notice should not be modified (as these Defendants suggest) to make what are uncontestable statements into a contested position attributable to Class Counsel. If anything, the statement should be modified to provide a more fulsome explanation as follows:

> As the ESOP Trustee's valuation advisor has concluded that the debt from the 2018 ESOP Transaction decreases the value of Ritchie Trucking Service Holdings, Inc. ("Ritchie") stock, the provision in the Settlement Agreement that reduces that debt by $1.4 million as of January 1, 2024 will result in a release of 115,000 shares from the ESOP's Suspense Account. Additionally, reducing the debt of Ritchie by $1.4 million as of January 1, 2024 should increase the value of Ritchie stock held by the ESOP (when compared to the value concluded by the ESOP Trustee's valuation advisor as of December 31, 2023) from $1.60 per share to $2.26 per share (or an increase of 67 cents per share) and should immediately increase the value of all stock held by the ESOP by $1.33 million as of January 1, 2024.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Preliminary Approval should be granted and the Class Notice approved as originally proposed by Plaintiff (albeit with the correction of the one typographical error) or as revised above.

| | | |
|---|---|---|
| 1 | Dated: June 16, 2025 | Respectfully submitted, |

R. Joseph Barton (SBN 212340)
The Barton Firm LLP
1633 Connecticut Ave., NW, Suite 200
Washington, DC 20009
Tel: 202-734-7046
Email: jbarton@thebartonfirm.com

*Attorney for Plaintiff*