UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON IMBER, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE LACKEY, PAM LACKEY, LACKEY FAMILY TRUST, COLE SCHARTON, THE ADMINISTRATIVE COMMITTEE OF THE PEOPLE BUSINESS EMPLOYEE STOCK OWNERSHIP PLAN, MIGUEL PAREDES, RICH ROUSH, DEL THACKER, RICHARD DEYOUNG, AND RITCHIE TRUCKING SERVICE HOLDINGS, INC.,<br><br>Defendants. | Case No. 1:22-cv-00004-HBK<br><br>ORDER DIRECTING DEFENDANTS TO FILE LIMITED SURREPLY<br><br>JULY 1, 2025 DEADLINE |

On May 21, 2025, Plaintiff Brandon Imber ("Plaintiff" or "Imber") filed a Motion for Preliminary Approval of Class Action Settlement ("Motion"). (Doc. No. 158). On June 4, 2025, Defendants Bruce Lackey, Pam Lackey, Lackey Family Trust, Cole Scharton, The Administrative Committee of the People Business Employee Stock Ownership Plan, Rick Roush, Del Thacker, Richard Deyoung, Ritchie Trucking Service Holdings, Inc. and People Business Stock Ownership Plan ("Defendants") submitted a statement of non-opposition to preliminary approval of the settlement, aside from a single modification to language in the Class Action Notice ("Notice")

proposed by Plaintiff for the Court's review and approval.  (Doc. No. 159).  The portion of the Notice as proposed by Plaintiff is:

> As the debt from the 2018 ESOP Transaction decreases the value of Ritchie Trucking Service Holdings, Inc. ("Ritchie") stock, the reduction in that debt reduction will result in a release of 115,000 shares from the ESOP's Suspense Account and should increase the value of Ritchie stock held by the ESOP.

(Doc. No. 159 at 3, 6; Doc. No. 158-4 at 2).  According to Defendants, in pre-filing discussions between parties at least one Defendant requested to modify this language in the Notice to:

> Class counsel contends that as the debt from the 2018 ESOP Transaction decreases the value of Ritchie Trucking Service Holdings, Inc. ("Ritchie") stock, the reduction in that debt reduction will result in a release of 115,000 shares from the ESOP's Suspense Account and should increase the value of Ritchie stock held by the ESOP.

(Doc. No. 159 at 3, 16).  Thus, Defendants request that the Court to consider this proposed modification to the Notice provided by Class Counsel.  (*Id*. at 3).

On June 16, 2025, Plaintiff filed a reply arguing that Defendants want to change this sentence to "suggest the three propositions contained therein are somehow in dispute.  But these statements are based on the valuation report by the valuation firm hired by the ESOP Trustee (Defendant Paredes) to perform the annual valuation of the shares of Ritchie stock held by the ESOP and the settlement agreement [and] cannot be reasonably disputed and should not be presented to Class Members as a disputed proposition." (Doc. No. 161 at 2-3).  Plaintiff contends the Motion should be granted with the Notice as originally proposed by Plaintiff[1] or as revised as follows:

> As the ESOP Trustee's valuation advisor has concluded that the debt from the 2018 ESOP Transaction decreases the value of Ritchie Trucking Service Holdings, Inc. ("Ritchie") stock, the provision in the Settlement Agreement that reduces that debt by $1.4 million as of January 1, 2024 will result in a release of 115,000 shares from the ESOP's Suspense Account.  Additionally, reducing the debt of Ritchie by $1.4 million as of January 1, 2024 should increase the value of Ritchie stock held by the ESOP (when compared to the value

---

[1] Plaintiff correctly notes that this sentence in the original proposed Notice and in the modified Notice proposed by Defendants contain a typographical error that should be corrected as follows: "the reduction in that debt [] will result in a release …." (Doc. No. 161 at 2 n.2).

2

>of Richie stock held by the ESOP Trustee's valuation advisor as of December 31, 2023) from $1.60 per share to $2.26 per share (or an increase of 67 cents per share) and should immediately increase the value of all stock held by the ESOP by $1.33 million as of January 1, 2024.

(Doc. No. 161 at 6).

Defendants are directed to file a brief surreply as to whether they agree to the above proposed modified Notice language by Plaintiff, or have any specific objections thereto. The Court reminds the parties to do their part to avoid unnecessary motion practice, including by reaching agreement and filing stipulations whenever possible.

Accordingly, it is **ORDERED**:

Defendants shall file a surreply addressing the issue above no later than July 1, 2025.

Dated: June 24, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3